# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. CRESWELL,<br><br>            Plaintiff,<br>    vs.<br>HCAL CORPORATION,<br><br>            Defendant. | CASE NO. 04cv388 BTM (RBB)<br><br>**ORDER RE: MOTIONS IN LIMINE** |

On February 23, 2004, Plaintiff William D. Cresswell filed suit against Defendant HCAL Corporation ("HCAL"), the operator of Harrah's Rincon Casino ("Harrah's") in San Diego County. In his complaint, Cresswell, a former employee of HCAL, asserted three causes of action: (1) discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); and (3) wrongful termination in violation of public policy. Plaintiff claims that he suffered, and continues to suffer, from Chronic Obstructive Pulmonary Disease ("COPD"), a disability which required him to work in a smoke-free environment. Plaintiff alleges that Defendant failed to accommodate his disability and ultimately fired him for his inability to work in his position as a casino card dealer without accommodation. On March 17, 2006, the Court approved Plaintiff's stipulated voluntary dismissal of his cause of action under the ADA, leaving only his two state law claims remaining.

Presently before the Court are nine motions in limine filed by Plaintiff and six motions in limine filed by Defendant. The disposition, and reasoning therefor, of each motion is set

forth below. As the determination of Defendant's sixth motion, relating to the categories of damages that Plaintiff may recover, is relevant to this Court's decision on many of the other motions, it will be dealt with first in Section I. Plaintiff's motions will then be addressed in Section II, the remainder of Defendant's motions in Section III, and the Court will set out a new pretrial schedule in Section IV of this order.

**I.     DEFENDANT'S SIXTH MOTION IN LIMINE [DOC. #124]**

    **A.     <u>To Preclude Plaintiff From Seeking Any Category of Damages Other Than "Lost Income"</u>**

Defendant argues that Plaintiff violated the disclosure requirements of Federal Rule of Civil Procedure (hereinafter "Rule") 26(a)(1)(C), which requires that "a party must, without awaiting a discovery request, provide to other parties . . . a computation of any category of damages claimed by the disclosing party, making available . . . the documents or other evidentiary material . . . on which such computation is based, including materials bearing on the nature and extent of injuries suffered . . .." Parties also have a continuing duty to update information that has already been disclosed. Specifically, Rule 26(e)(1) requires: "A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

On July 19, 2004, Plaintiff served Defendant with his Initial Disclosures under Rule 26(a)(1). In these Initial Disclosures, Plaintiff stated, with respect to the computation of his damages: "Plaintiff has not yet been able to calculate his damages. His monetary damages will flow primarily from lost income from lack of employment, although Plaintiff needs to conduct discovery of his own to be able to make the calculations." Until August of 2006, Plaintiff never supplemented this Initial Disclosure. However, in March 2006, Plaintiff indicated, in his portion of the proposed pretrial order, that he intended to seek several categories of damages that were not included in his Initial Disclosure. Defendant argues that

1  Plaintiff should be precluded from seeking any category of damages other than lost income
2  because of Plaintiff's disclosure failures.  <u>See</u> Fed. R. Civ. P. 37(c)(1) ("A party that without
3  substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is
4  not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness
5  or information not so disclosed.")  Plaintiff argues that his intention to seek other categories
6  of damages, in addition to lost income, had "otherwise been made known to [Defendant]
7  during the discovery process or in writing."  In particular, Plaintiff claims that his intention to
8  seek other categories of damages was clearly set forth in his complaint and that these
9  intentions were further conveyed in Plaintiff's deposition testimony.

10        To begin, Plaintiff's argument that his complaint sufficed to put Defendant on notice
11  of all damages he was seeking is legally incorrect.  The required disclosures under Rule 26
12  are intended to help crystallize the issues in the litigation and the broad, unsupported claims
13  for other damages in Plaintiff's complaint do not suffice to excuse Plaintiff's failure to ever
14  disclose his intention to recover damages other than lost income.  However, Plaintiff's claim
15  that his deposition testimony served to notify Defendant of his other categories of damages
16  is correct to the extent that such testimony related to the other categories he is claiming.  The
17  Court's review of the transcript of Plaintiff's November 10, 2004 deposition reveals that
18  Plaintiff adequately disclosed his suffering from general emotional damages, which allegedly
19  resulted from Defendant's actions.  (Tr. Pl.'s Dep. at 224.)  While Rule 26 generally requires
20  a party to provide a computation of such damages, emotional damages, because of their
21  vague and unspecific nature, are oftentimes not readily amenable to computation.  <u>See</u>
22  <u>Williams v. Trader Publishing Co.</u>, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since
23  compensatory damages for emotional distress are necessarily vague and are generally
24  considered a fact issue for the jury, they may not be amenable to the kind of calculation
25  disclosure contemplated by Rule 26(a)(1)(C).").  Thus, Plaintiff's failure to provide a
26  computation of his emotional damages is excused and Plaintiff is permitted to seek such
27  damages at trial.
28        In addition, because of the nature of punitive damages, Plaintiff's failure to provide a

1  computation for this category of damages is excusable as well.  Punitive damages can be
2  based upon a variety of factors including the reprehensibility of Defendant's conduct, which
3  is obviously not quantifiable, and Defendant's financial condition, to which Plaintiff would not
4  readily have access.  Moreover, Plaintiff's failure to disclose his intention to seek any punitive
5  damages is deemed harmless by the Court because there is no additional discovery which
6  Defendant would have required had it been so informed.  Defendant's discovery was
7  presumably focused on defending against liability; an investigation which necessarily involves
8  defending against punitive damages because punitive damages can only be assessed if a
9  jury first finds Defendant liable.  Thus, Plaintiff is permitted to seek punitive damages at trial.
10         Finally, Plaintiff may seek damages for lost employee benefits (including health
11 insurance, sick pay, etc.), in addition to lost wages, as the Court finds that such benefits are
12 understood to be part of Plaintiff's claim for "lost income from lack of employment."  Benefits
13 are undeniably part of the total income that workers receive for their employment.  This
14 interpretation is supported by the common sense understanding that potential employees
15 readily consider benefits packages, in addition to salary, when comparing positions.
16 Furthermore, no harm has resulted to Defendant as it has the records of the benefits it paid
17 to Plaintiff.  Nevertheless, Plaintiff is required to specify the exact components of his lost
18 income and benefits including the total dollar value in a supplemental disclosure, which must
19 be filed within 14 days of entry of this order.  Plaintiff will be limited at trial to the damages
20 specified.
21         Plaintiff, however, is not permitted to seek any other categories of damages including:
22 (1) "past and future medical treatment and expenses;" (2) "damages for his physical . . .
23 injuries caused by the events alleged in the complaint, including the deterioration of his
24 health and his reduced life expectancy;" or (3) "damages that are otherwise deemed just and
25 proper sporadically to proof at trial."  (Pl.'s 8/18/06 Supp. Disclosure.)  Until Plaintiff served
26 his supplemental disclosures in August 2006, he never had disclosed his intention to seek
27 these other types of damages, in writing or otherwise.  Plaintiff's claim that Defendant has
28 suffered no prejudice from this failure, because it has performed extensive discovery on

1  Plaintiff's ailment and the treatment he has received for it, is simply untrue.  Much of
2  Defendant's discovery rightfully focused on Plaintiff's alleged COPD condition.  However,
3  while this evidence was of obvious relevance to defend against Plaintiff's claim that he
4  suffered from a disability, this information would not necessarily relate to the question of
5  whether Plaintiff's condition was attributable in any way to Defendant's actions.  That is, in
6  order to defend against Plaintiff's claims for physical injuries, and any medical expenses
7  required therefrom, Defendant would need to examine whether Plaintiff's condition worsened
8  while he was working at Harrah's and what, if any, effect its alleged failure to accommodate
9  Plaintiff's disability had on his condition.  The Court is unaware of what information Plaintiff
10 may have disclosed in the workers' compensation proceedings because those disclosures
11 have not been made part of the record in this proceeding.  Nonetheless, those disclosures
12 would presumably not specify the portion of Plaintiff's injury damages that specifically related
13 to Defendant's alleged failure to accommodate because the relevant inquiry in workers'
14 compensation is merely whether the Plaintiff suffered an injury arising out of his employment.
15 See Cal. Labor § 3208.  Moreover, Plaintiff has failed to disclose any computation of his
16 damages relating to either his physical injuries or his medical treatment and expenses.
17 Plaintiff's damages relating to past medical expenses are of the type clearly amenable to
18 computation and his failure to provide such a computation, even in his grossly late August
19 2006 supplemental disclosure, cannot be approbated by this Court.

20        Thus, Defendant's motion in limine to preclude Plaintiff from seeking any category of
21 damages other than lost income is **GRANTED IN PART AND DENIED IN PART** as
22 explained above.  To alleviate any potential for prejudice that Defendant feels it has suffered
23 by Plaintiff's failure to explicitly specify or provide a calculation for any of the permitted
24 categories of damages in his disclosures, the Court will reopen discovery for 45 days to allow
25 Defendant to conduct discovery regarding Plaintiff's potential damages in these areas.  In
26 addition, to the extent Defendant believes that any of these additional categories of damages
27 are precluded by Plaintiff's execution of a workers' compensation settlement agreement on
28 September 14, 2004, as it has argued in support of this motion, it is permitted to file a motion

for summary judgment upon these grounds within 45 days of the filing of this order.

### B. To Preclude Plaintiff From Referencing HCAL's Alleged Failure to Engage in the "Interactive Process" or Proceeding on Any Such Claim

Defendant argues that Plaintiff should be precluded from arguing that it is liable for failing to engage in an "interactive process" to determine effective reasonable accommodations for Plaintiff's disability, as is required under FEHA. See Cal. Gov't Code § 12940(n). Defendant claims that Plaintiff failed to exhaust his administrative remedies upon such a claim, as is required under FEHA, because his charge of discrimination filed with the Department of Fair Employment and Housing ("DFEH") merely indicated that he was "harassed" and "then subsequently fired" because of his COPD condition. Defendant notes that neither this administrative complaint, nor Plaintiff's complaint which initiated this proceeding, even mentioned the phrase "interactive process."

However, the Court finds that Plaintiff's complaint to the DFEH was sufficient to exhaust administrative remedies. "Allegations in [a] civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust." Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001). As Rodriguez explained, however, "[t]his standard is met where the allegations in the civil suit are within the scope of the administrative investigation 'which can reasonably be expected to grow out of the charge of discrimination.'" Id. (quoting Sandhu v. Lockheed Missiles & Space Co., 26 Cal. App. 4th 846, 859 (1994)). Defendant's failure to reasonably accommodate Plaintiff's disability, which includes its failure to engage in the required interactive process, can reasonably be expected to grow out of any investigation into Plaintiff's stated charge of harassment and discriminatory firing because of his disability. This conclusion is further supported when one considers that "charges must be construed with great liberality, especially when the complainant is acting pro se," as Plaintiff was, and that "[t]hese procedural requirements, as with all provisions of FEHA, are to 'be construed liberally for the accomplishment of the purposes [of FEHA].'" Id. (quoting Cal. Gov't Code § 12993(a)). Accordingly, the Court finds that Plaintiff properly exhausted his administrative remedies with respect to the charge of

Defendant's failure to engage in the interactive process.

Defendant's argument that Plaintiff's complaint failed to specifically allege a violation of the section of FEHA which requires an employer to engage in an interactive process is similarly unavailing. Plaintiff's complaint alleged:

> 27. Discrimination based on a disability is a violation of California's Fair Employment and Housing Act (FEHA), Government Code § 12940 et seq.
> 28. The aforementioned wrongful acts and omissions of Harrah's were a violation of the FEHA.

Plaintiff did not specify which particular sections of FEHA were violated by Defendant's actions and, thus, it is appropriate for Plaintiff to proceed under any section reasonably implicated by Plaintiff's allegations. Plaintiff specifically alleged that "all of [his] requests for accommodation were denied." (Pl.'s 2/23/04 Complaint at ¶ 14.) Therefore, Plaintiff may proceed upon a claim that Defendant failed to engage in a "timely, good faith, interactive process with [Plaintiff] to determine effective reasonable accommodations," as is required under FEHA. Cal. Gov't Code § 12940(n).[1] Accordingly, Defendant's motion is **DENIED**. To the extent that Defendant feels it has been prejudiced by Plaintiff's failure to specify his intention to proceed upon such a claim, it may seek leave of the Court for further discovery upon this issue. Any such request must be filed within 20 days of entry of this order.

### C. To Preclude Plaintiff From Characterizing HCAL's Alleged "100% Healed" Policy as a Per Se Violation of FEHA or Proceeding on Any Such Claim

Defendant also argues that Plaintiff should not be allowed to characterize its policy, which allegedly required a disabled worker to present a doctor's note indicating that he or she was "100% healed" before returning to work, as a per se violation of FEHA. As this Court has already indicated, such a policy would constitute a violation of FEHA because it does not allow for a disabled worker to return to work as long as his or her disability continues. Thus, it would, per se, constitute a failure to accommodate any legitimate

---

[1] Defendant has submitted a proposed jury special verdict form, which does not include a separate claim for failure to engage in the interactive process. The Court usually uses a general verdict form but the Court will re-examine this issue, and determine the propriety of any special verdict form, only after final jury instructions have been decided upon.

physical disabilities.  C.f. McGregor v. AMTRAK, 187 F.3d 1113, 1115 (9th Cir. 1999) (decided under ADA, not FEHA).  Plaintiff is free to argue that the implementation of any such policy, as applied to Plaintiff's disability situation, constituted a violation of FEHA and he is free to seek damages for such a claim.  However, no attorney may tell the jury what the law is, as that is the role of the Court.  Accordingly, Defendant's motion is **DENIED** without prejudice to its ability to raise this issue again if Plaintiff should attempt to improperly instruct the jury.

**II.    PLAINTIFF'S MOTIONS IN LIMINE**

   A.    To Exclude Evidence of Plaintiff's Receipt of Workers' Compensation or Other Collateral Benefits; (MIL #1) [Doc. #87]

Plaintiff has moved to exclude any evidence regarding his receipt of workers' compensation benefits in connection with his employment with HCAL because he claims such evidence is irrelevant and prejudicial.  However, as the Court has ruled above that Plaintiff may proceed to seek emotional damages, as well as lost wages and employment benefits, it is possible that Plaintiff's workers' compensation settlement may be relevant to bar any such claims.  In addition, it may be proper to offset workers' compensation benefits against any award for Plaintiff because the collateral source rule does not apply to workers' compensation benefits in this case.  This is because the workers' compensation benefits are paid for by the Defendant entity and, thus, are not derived from a collateral source.  C.f. McLean v. Runyon, 222 F.3d 1150, 1156 (9th Cir. 2000) (applying rule to benefits under Federal Employees Compensation Act).  Accordingly, Plaintiff's motion is **DENIED**.

   B.    To Exclude Evidence of Plaintiff's Alleged Uncooperativeness During Defendant's Medical Examination; (MIL #2) [Doc. #88]

Plaintiff has moved to exclude any evidence of his alleged uncooperativeness during examination by Defendant's designated medical expert, Dr. Charles Landers.  Plaintiff alleges that any reference to such uncooperativeness is irrelevant and unduly prejudicial because he ultimately completed all tests requested by Dr. Landers.  Furthermore, Plaintiff

contends that such evidence would be based upon hearsay statements by Dr. Landers's lab technician. Defendant argues that Plaintiff's refusal to complete the tests as initially requested, at least until Magistrate Judge Brooks ordered Plaintiff to do so, is relevant to and supports Dr. Landers's professional medical opinion that Plaintiff is not chronically disabled and does not have evidence of significant ongoing chronic obstructive pulmonary disease. The Court finds that the probative value of this evidence, if any, is substantially outweighed by the danger of unfair prejudice and the confusion of issues that would result from its presentation to the jury. Fed. R. Evid. 403. The test was ultimately completed and the dispute over the initial failure to complete it at the first Independent Medical Examination is collateral to the real issues. Accordingly, Plaintiff's motion is **GRANTED**.

      C.    <u>To Exclude Evidence of Any Negative Evaluations Regarding Plaintiff's Job Performance; (MIL #3) [Doc. #89]</u>

Plaintiff has moved to exclude any evidence regarding any negative or poor job performance reviews and/or evaluations he may have received during his employment with Defendant. Plaintiff argues that such evidence is irrelevant because Defendant's stated reason for terminating his employment was excessive absences and, thus, his job performance was not an issue surrounding his request for accommodation or his termination. In addition, Plaintiff argues that such evidence is prejudicial because it would tend to portray Plaintiff in a bad light in the eyes of the jury. Defendant argues that such evidence is relevant because it will show that Plaintiff's supervisor, whom Plaintiff contends he asked for a transfer approximately six times, was aware that Plaintiff was not performing up to standard. Defendant contends that this information makes it less probable that Plaintiff's supervisor would ignore any such transfer requests because it would behoove him to encourage Plaintiff to pursue work in another department and, thus, makes it more likely that such requests were never conveyed. While the probative value of this evidence is difficult to evaluate at this point, the prejudicial impact of allowing such evidence is obvious and significant. Fed. R. Evid. 403. Accordingly, Plaintiff's motion is **GRANTED** and such evaluations cannot be mentioned in opening statements or offered into evidence without first being brought to the

attention of the Court. At such time, the Court will re-evaluate the probative value of such evidence and the other Rule 403 factors in light of the developed record at trial to that point.

### D. To Exclude Evidence of the Plaintiff's Conviction for Driving Under the Influence and All Use of Alcohol; (MIL #4) [Doc. #90]

Plaintiff has moved to exclude any evidence regarding: (1) his misdemeanor convictions for driving under the influence of alcohol; and (2) his consumption of alcohol. Plaintiff argues that such evidence is irrelevant because Defendant has not asserted that Plaintiff's use of alcohol was, in any manner, an issue during his employment. In addition, such evidence would tend to prejudice Plaintiff and confuse the jury regarding the material issues in the case. Defendant argues that evidence of Plaintiff's heavy drinking is relevant because it is inconsistent with Plaintiff's statements on the subject at his deposition. Defendant contends that such inconsistencies support the professional medical opinion of Defendant's medical expert that Plaintiff is exaggerating the nature and extent of his pulmonary condition. Moreover, Defendant argues that evidence of Plaintiff's alcohol use is relevant with respect to the question of the true cause of Plaintiff's absenteeism while an HCAL employee. The Court finds that evidence of Plaintiff's alcohol use is relevant to determining the true cause of Plaintiff's absenteeism. If Plaintiff's absences are indeed attributable to drinking, and not his COPD, it makes it less likely that he suffers from a disability that prevents him from performing his job without accommodation. The probative value of such evidence is not substantially outweighed by the possibility of prejudice to Plaintiff or confusion of the jury. Fed. R. Evid. 403. Accordingly, Plaintiff's motion is **DENIED IN PART** to the extent it seeks to exclude evidence of his alcohol use.

Defendant claims that evidence regarding Plaintiff's conviction for drunk driving is also relevant because it intends to present evidence regarding Plaintiff's suit against the County of Riverside, which arose out of Plaintiff's home confinement for such offense. The relevance of Plaintiff's lawsuit is addressed in the Court's discussion of Plaintiff's next motion. However, the Court finds that the probative value of the drunk driving conviction itself is substantially outweighed by the danger of prejudice to Plaintiff from the jury learning that he

has been so convicted. Accordingly, Plaintiff's motion is **GRANTED IN PART** to the extent it seeks to exclude evidence of his conviction for driving while under the influence of alcohol.

  E. <u>To Exclude Evidence of Plaintiff's Pending Lawsuit Against the County of Riverside; (MIL #5) [Doc. #91]</u>

Plaintiff has moved to exclude any evidence of his pending lawsuit against the County of Riverside regarding the conditions of his house arrest following a conviction for driving under the influence of alcohol. Plaintiff alleges that his house arrest was too restrictive and prevented him from being employed by a different employer after his termination with Defendant. Plaintiff argues that such evidence is irrelevant and prejudicial because it would tend to show that Plaintiff is somehow a grossly litigious individual. Defendant contends that evidence of Plaintiff's lawsuit, including Plaintiff's claim to have lost approximately $9,500.00 in wages during the three-week period of his house arrest, is relevant to contradict Plaintiff's claim in the present action that he should be excused from his duty to mitigate damages due to his inability to work. Defendant also argues that such evidence is relevant to undermine Plaintiff's credibility.

The Court finds that the probative value of evidence of Plaintiff's lawsuit is not substantially outweighed by the danger of prejudice to Plaintiff or possible confusion of the jury. Fed. R. Evid. 403. Accordingly, Plaintiff's motion is **DENIED**. To limit the possibility of any prejudice, the Court will consider providing a limiting instruction at the time such evidence is presented. Any desired limiting instruction must be proposed by Plaintiff's counsel prior to jury selection and, if none is received, the Court will assume that no instruction is desired.

  F. <u>To Exclude Evidence Regarding Plaintiff's Decision to Forego His Claim Under the Americans With Disabilities Act; (MIL #6) [Doc. #92]</u>

As this motion is unopposed by Defendant,[2] Plaintiff's motion is **GRANTED**.

---

[2] Defendant has objected to this and all of Plaintiff's remaining motions in limine on the ground that this Court limited the parties to five motions in limine. Because these motions have all been fully briefed, and the Court recognizes no prejudice in permitting these additional motions, all filed motions have been considered and ruled upon.

1  Defendant has indicated, however, that this order should not preclude it from discussing with
2  the Court the effect of Plaintiff's dismissal of his ADA claim on the Court's jurisdiction.  This
3  order has no such effect and the Court has separately addressed Defendant's statements
4  on this issue in Section V of this order.

5        G.    <u>To Exclude Defendant's Previously Undisclosed Employee-Witnesses Who Are
6              Purportedly Represented By Defendant's Counsel; (MIL #7) [Doc. #93]</u>

7      Plaintiff has moved to exclude Defendant from calling as witnesses employees who
8  have not been previously disclosed and who Plaintiff argues are seemingly represented by
9  Defendant's counsel.  Plaintiff claims that Defendant's pretrial witness list includes several
10 individuals currently employed by HCAL and provides HCAL's business address and
11 telephone number as the contact information for these particular individuals.  Plaintiff claims
12 that listing these witnesses' addresses at their place of business (HCAL) effectively prevents
13 Plaintiff from contacting the witnesses without divulging to Defendants which witnesses they
14 are focusing on for their case.  Plaintiff also claims that listing their contact information
15 through HCAL implies that the witnesses are represented by HCAL counsel.  Defendant
16 contends that all witnesses were appropriately and timely listed in pretrial disclosures.
17 Moreover, Defendant points out that Plaintiff has never indicated that he was dissatisfied with
18 the contact information provided for these witnesses.

19     The Court finds that Plaintiff's argument is unsupported upon the facts or the law.
20 Plaintiff has an obligation to request personal contact information for witnesses if he finds the
21 Defendant's disclosure lacking in any way.  Plaintiff's concern about revealing his strategy
22 is easily overcome by requesting contact information for *all* witnesses.  In addition, Plaintiff's
23 claim that Defendant's listing its own address for these witnesses indicates that they are
24 represented by Defendant's counsel is without legal support.  In addition, if Plaintiff really
25 were concerned that these witnesses were represented by Defendant's counsel, he could
26 have simply asked counsel to clarify.  Accordingly, Plaintiff's motion is **DENIED**.
27 //
28 //

H. <u>To Exclude Evidence of the Videotape Surveillance Taken of the Plaintiff; (MIL #8) [Doc. #94]</u>

Plaintiff has moved to exclude the introduction of evidence regarding Defendant's surveillance videotape of Plaintiff, which he claims is of poor quality and only depicts very brief and broken-up scenes of Plaintiff. Plaintiff argues that the videotape is of such poor quality that it will mislead the jury regarding the events it purports to depict and, because of the way the scenes are cut, will unfairly prejudice Plaintiff. He also argues that the videotape lacks authentication and foundation. Defendant argues that the surveillance video is directly relevant because it will help the jury determine Plaintiff's ability or inability to work post-termination and the veracity of Plaintiff's statements relating to this issue, as well as to the facts of the case generally. In addition, Defendant argues that Plaintiff will not be prejudiced to the extent the video is misleading in any way because Plaintiff will have the opportunity to rebut the evidence and to cross-examine the videographer.

The Court finds that surveillance video of the type described is generally relevant and admissible. See <u>Menges v. Cliffs Drilling Co.</u>, No. 99-cv-2159, 2000 U.S. Dist. LEXIS 8508 (E.D. La. June 12, 2000). The probative value of such video evidence is not substantially outweighed by the danger of any prejudice to Plaintiff. Fed. R. Evid. 403. Therefore, Plaintiff's motion is **DENIED** without prejudice. As the Court has not had an opportunity to view the video, Defendant cannot offer it into evidence without first providing the video to the Court for *in camera* examination. Assuming that the Court finds the video to be of sufficient quality to provide probative evidence, and the Defendant provides proper authentication and foundation, the Court will permit the introduction of the surveillance videotape.

I. <u>To Exclude Defendant's Vocational Expert Witness, Dr. Robert Hall, Ph.D.; (MIL #9) [Doc. #123]</u>

Plaintiff has moved to exclude Defendant's vocational expert witness from testifying at trial because it claims that Defendant violated the disclosure rules as to expert witnesses. Plaintiff contends that Defendant's service of Dr. Hall's supplemental expert witness report on March 17, 2006 was beyond the time period permitted for such disclosures. Plaintiff has

not contended that Defendant failed to timely designate Dr. Hall as an expert witness or serve his original expert report. However, Plaintiff claims that Defendant's service of a supplemental expert report, "virtually on the eve of trial, is irreparably prejudicial to Plaintiff and is prohibited by the Federal Rules of Civil Procedure."

Defendant argues that its disclosure of Dr. Hall's supplemental report was timely, appropriate and entirely consistent with the requirements of Rule 26. Defendant explains that, at the time Dr. Hall's original report was prepared in August 2005, Plaintiff had repeatedly asserted during the course of this litigation that he could not work. As a result, Defendant limited Dr. Hall's original expert witness report to a generalized examination of Plaintiff's employment prospects and earning potential. However, beginning in September 2005, Plaintiff placed his professed inability to work into question by indicating that he wanted to take Defendant up on its offer of reinstatement. Due to Plaintiff's apparent change in position regarding his ability to work, Defendant, after filing a motion to compel, was able to conduct an update of Plaintiff's deposition on March 10, 2006. While Plaintiff's testimony appears to be less than perfectly clear on this point, Defendant argues that, during that deposition update, Plaintiff testified that he either can work or intends to look for work. Accordingly, Defendant asked Dr. Hall to conduct additional research regarding the availability of dealer positions in non-smoking casinos and card rooms throughout San Diego and Riverside counties. Dr. Hall conducted the requested research and, pursuant to Defendant's request, submitted a supplemental expert report on March 16, 2006. This supplemental report was immediately served upon Plaintiff.

The Court finds that Defendant's determination that a supplemental expert disclosure was required in order to make Dr. Hall's earlier report complete was appropriate. Fed. R. Civ. P. 26(e)(1). Dr. Hall's supplemental report was required to be disclosed by the time the party's pretrial disclosures were due under Rule 26(a)(3). Id. As trial in this matter was set for April 17, 2006 at that time, and pretrial disclosures are due 30 days before trial, Fed. R. Civ. P. 26(a)(3), Defendant's service of its supplemental expert report on March 17, 2006 was timely. Therefore, Plaintiff's motion is **DENIED**.

## III. DEFENDANT'S REMAINING MOTIONS IN LIMINE

### A. To Exclude Evidence Regarding Corporate, Financial, and/or Contractual Relationships to Harrah's Entertainment, Inc. and the Rincon Indian Tribe; (MIL #1) [Doc. #95]

Defendant has moved to exclude any evidence of (or reference to) HCAL's corporate, financial, and/or contractual relationships with Harrah's Entertainment, Inc. and the Rincon Indian Tribe on the ground that such evidence is irrelevant because HCAL was Plaintiff's employer and is the only named defendant in this lawsuit. Plaintiff does not oppose this motion to the extent it precludes evidence regarding the structure of these relationships. However, Plaintiff argues that some references to Harrah's and the Rincon Indian Tribe will be unavoidable in the course of the trial. For example, Plaintiff points out that the first sentence of the agreed upon statement to be read to the jury regarding the nature of the case, which is included in the proposed pretrial order, includes references to both Harrah's and the Rincon Indian Reservation. Moreover, even a cursory review of deposition testimony in this matter reveals an overwhelming number of references to Harrah's. Therefore, Defendant's motion to exclude evidence of, or reference to, HCAL's corporate, financial and/or contractual relationships with Harrah's Entertainment, Inc. and the Rincon Indian Tribe is **GRANTED**, but this order does not preclude any other references to Harrah's and the Rincon Indian Tribe.

### B. To Exclude Evidence Presented By Plaintiff's Vocational Rehabilitation Expert; (MIL #2) [Doc. #96]

Defendant has moved to exclude evidence offered by Plaintiff's vocational rehabilitation expert, Justin Jay Fair, Ph.D. Defendant argues that such evidence should be excluded because Plaintiff and his attorney intentionally created an unfair playing field by refusing to allow Plaintiff to interview with Defendant's vocational rehabilitation expert. In June 2005, Defendant requested that Plaintiff submit to an interview with its vocational rehabilitation expert, Dr. Hall, but Plaintiff refused. On September 13, 2005, 6 days before discovery cut-off, Plaintiff served his designation of Dr. Fair, including his expert report. Dr.

Fair's report includes the following statement in rebuttal to Dr. Hall's report: "Dr. Hall has seemingly not met with Mr. Creswell nor, according to Bill's counsel, has he requested to do so. Therefore, he has not had the opportunity to opine whether Bill has a reasonable expectancy to be hired in ANY competitive gainful activity." (9/4/05 Report of J. Fair at 5-5; Ex. 2 to Pl.'s 9/13/05 Supplemental Expert Witness Designation.)

Plaintiff argues that Defendant failed to properly demand a vocational examination pursuant to Fed. R. Civ. P. 35(a). In addition, Plaintiff contends that a vocational examination can only be ordered when Plaintiff's qualifications for employment are in controversy, which Plaintiff claims is not the case here. Finally, Plaintiff argues that Defendant has the benefit of multiple medical reports and, thus, will suffer no prejudice from being denied the ability to have Dr. Hall perform an examination of Plaintiff.

The Court finds Plaintiff's arguments unavailing. Plaintiff's qualifications for employment have clearly been placed in issue in this action and Plaintiff's medical reports are no substitute for an examination by Defendant's vocational rehabilitation expert. See Douris v. County of Bucks, 99-cv-3357, 2000 WL 1358481 (E.D. Pa. Sept. 21, 2000). Dr. Fair's criticisms of Dr. Hall's opinion make such a finding obvious. Moreover, while Defendant did not move to compel a vocational examination of Plaintiff, fairness requires that Plaintiff submit to examination by Defendant's vocational rehabilitation expert if Dr. Fair is going to testify. Id. Accordingly, Defendant is granted leave to request and/or move to compel such an examination within 45 days of the filing of this order. If Defendant is still prevented from performing the examination by that time, the Court will entertain a renewed motion to exclude Dr. Fair's testimony.

Defendant also argues that Dr. Fair's testimony should be excluded because he improperly communicated *ex parte* with Defendant via an email with Harrah's customer service. On September 5, 2005, Dr. Fair inquired, through harrahs.com, whether Harrah's had accommodations for non-smokers, including tables and rooms. However, Defendant has not shown that such communication was performed at the request of Plaintiff's counsel and, in any event, Defendant has suffered no prejudice from this brief communication in

which a Harrah's customer service agent merely conveyed public information about Harrah's non-smoking offerings. Accordingly, Defendant's motion to exclude the testimony of Plaintiff's vocational rehabilitation expert, Dr. Fair, is **DENIED** without prejudice.

      C.    To Exclude Evidence of or Reference to Stress or Emotional Distress Induced by the Present Litigation; (MIL #3) [Doc. #97]

As this motion is unopposed by Plaintiff, Defendant's motion is **GRANTED**. Plaintiff, however, points out that such an order should not exclude all evidence of emotional distress and the Court recognizes, in particular, that any evidence of stress suffered by Plaintiff as a result of Defendant's actions, outside of the present litigation, would be relevant.

      D.    (1) To Exclude Evidence Regarding Profits, Net Worth, and/or Financial Condition; and (2) Bifurcate Claim for Punitive Damages; (MIL #4) [Doc. #98]

This motion is unopposed by Plaintiff, with the understanding that if Defendant refers to its financial condition in support of an "undue burden" defense, in regard to its ability to accommodate Plaintiff's disability, then Plaintiff may rebut such a defense with evidence of Defendant's financial condition. Therefore, Defendant's motion is **GRANTED** without prejudice. The Court will bifurcate the trial and try punitive damages after any finding of liability.

      E.    To Exclude Evidence of or Reference to the Number, Location, and/or Resources of the Parties' Attorneys; (MIL #5) [Doc. #99]

Defendant has moved to exclude evidence regarding the number, location, and/or resources of the parties' attorneys. Defendant argues that such evidence is irrelevant and possibly prejudicial. Plaintiff contends that the identity of counsel, including the location of his or her practice, and the identities of any in-court assistants is appropriately disclosed to potential jurors during *voir dire* and as part of a proper introduction. The Court finds that the number, location, and resources of the parties' attorneys is totally irrelevant. However, if during jury selection or trial, either party believes that such information has become relevant, it may seek leave of the Court for further *voir dire* upon this subject. Therefore, Defendant's motion is **GRANTED** without prejudice.

## IV. PRETRIAL SCHEDULE

Plaintiff is directed to serve a supplemental disclosure within 14 days specifying the exact components of his lost income and benefits including the total dollar value he is claiming. The Court has reopened discovery for 45 days, following entry of this order, to allow Defendant to conduct discovery regarding Plaintiff's potential damages in all permissible categories, other than lost wages. In addition, to the extent Defendant believes that any of these additional categories of damages are precluded by Plaintiff's execution of a workers' compensation settlement agreement on September 14, 2004, it is permitted to file a motion for summary judgment upon these grounds within 45 days of the filing of this order. Defendant is also granted leave to request and/or move to compel Plaintiff's examination by Defendant's vocational rehabilitation expert within 45 days of the filing of this order. Finally, to the extent that Defendant feels it has been prejudiced by Plaintiff's failure to specify his intention to proceed upon a claim for failure to engage in the interactive process required under FEHA, it may seek leave of the Court for further discovery upon this issue within 20 days.

Furthermore:

1. The parties are directed to meet and confer, pursuant to Local Rule 16.1(f), by **March 30, 2007** regarding any revisions to the proposed pretrial order that should be made in light of the provisions of this ruling or any discovery that subsequently occurs.
2. A revised pretrial order, including any objections, shall be prepared, served and lodged with the Clerk of the Court no later than **April 6, 2007**.
3. The final pretrial conference shall be held before this Court on **April 12, 2007 at 2:30pm**. A trial date will be assigned at that time.

## V. COURT'S JURISDICTION TO CONTINUE UPON ONLY THE STATE LAW CLAIMS

As a final matter, the Court will address Defendant's contention that jurisdiction over this case is no longer proper in light of the fact that Plaintiff's only remaining claims arise under state law. Defendant has not formally moved to dismiss this case for lack of

jurisdiction in the wake of Plaintiff's voluntary dismissal of his ADA claim. However, Defendant did note in its response to Plaintiff's sixth motion in limine that Plaintiff's dismissal of his only claim brought under federal law deprives this Court of jurisdiction, as the parties do not have diversity of citizenship. The Court does not consider Defendant's cursory statements on this subject to be a formal request to consider whether this Court should continue to exercise supplemental jurisdiction over the state law claims and, accordingly, this Court is not obligated to examine the issue *sua sponte*. Acri v. Varian Associates, Inc., 114 F.3d 999 (9th Cir. 1997) (en banc).

**IT IS SO ORDERED.**

DATED: February 12, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge